

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

MAR 2 7 2012

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-20531 |
| Plaintiff, | Hon. VICTORIA A. ROBERTS |
| -vs- | OFFENSE: Conspiracy to Make a False Statement and to Make a False Claim (Ct. 1) and Conspiracy to Bribe a Public Official, 18 USC § 371 (Count 5) |
| D- 1   WILLIAM MORGAN, | |
| Defendant. | STATUTORY MAXIMUM PENALTIES: 5 years and fine of $250,000 |

_____/

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

WILLIAM MORGAN and the government agree as follows:

1.   **GUILTY PLEA**

   A.   **Count of Conviction**

   Defendant will enter a plea of guilty to **Counts One and Five of the Third Superseding Indictment**, which charges Conspiracy to  to make a false claim and make a false statement under the federal Clean Air Act (Count One), and Conspiracy to bribe a public official (Count Five), for which the maximum penalty is a term of imprisonment not to exceed five years and a fine not to exceed $250,000 for both counts.

**B.      Elements of Offense**

The elements of Count One of the Third Superseding Indictment are:

Conspiracy:

1. Two or more persons agreed or came to an understanding to commit one or more substantive criminal offenses;

2. At the time the defendant voluntarily joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

3. While the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more overt acts in furtherance of the conspiracy.

Making a False, Fictitious or Fraudulent Claim (18 U.S.C. § 287)

1. A claim was made;

2. Against or to a department or agency of the United States;

3  The claim was for money or property;

4  The claim was false, fictitious or fraudulent and material; and

5. The defendant knew at the time that the claim was false, fictitious, or fraudulent.

Making a False Statement (42 U.S.C. § 7413(c)(2)(A))

1. Defendant or one of the co-conspirators knowingly made or caused to be made a false statement, representation, or certification;

2. The statement, representation, or certification was made or caused to be made in a document required to be filed or maintained under the Clean Air Act; and

3. The statement, representation, or certification was material.

The elements of Count Five of the Third Superseding Indictment are:

Conspiracy:

> 1. Two or more persons agreed or came to an understanding to commit one or more substantive criminal offenses;
>
> 2. At the time the defendant voluntarily joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and
>
> 3. While the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more overt acts in furtherance of the conspiracy.

Bribery (18 U.S.C. § 666(a)(2))

> 1. One of the co-conspirators, gave, offered, or agreed to give anything of value to any person for the purpose of influencing or rewarding an agent of a local government in connection with his official duties.
>
> 2. The giving, offering or agreement to give the thing of value must have been in connection with any business, transaction, or series of transactions of the local government involving anything of value of $5,000 or more.
>
> 3. The local government, in a one year period, received benefits of more than $10,000 under any federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

## C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

In November 2008, the Charter Township of Royal Oak [Township] sought to

obtain federal funds from the U.S. Department of Housing and Urban Development. The

defendant, William Morgan, was the elected supervisor of the Township. The Township

applied for the funds for several uses, including the demolition of a township owned

theater. The Township was authorized to use the federal funds for several demolition projects and did receive more than $10,000 in federal funds for those projects, including a payment of more than $29,000 in December 2009.

PBM Services, LLC [PBM] was a company owned by Morgan's co-conspirators, including Terrance Parker and others. In approximately May 2009, Parker and his partners decided that PBM would attempt to get the contract for the demolition and asbestos abatement for the theater project. The cost of demolition and asbestos abatement exceeded $5,000.

In July 2009, the Township accepted bids for the project. The companies that submitted bids for the demolition of the theater included PBM, Berkshire Development [Berkshire], and another company. Berkshire submitted the lowest bid. At the request of William Morgan, Terrance Parker gave $10,000 to Morgan for his assistance in obtaining the contract. Despite efforts by Morgan to have the contract awarded to PBM, the Township Board of Trustees voted to award the contract to Berkshire.

After the Township awarded the contract to Berkshire, over Morgan's objections, Morgan influenced Berkshire to enter into an agreement with PBM by which PBM would do the asbestos abatement work at the theater, as a sub-contractor. Federal asbestos laws require that reports regarding the amount of asbestos in a building to be demolished must be submitted to the Michigan Department of Environmental Quality [MDEQ] (the delegate of the U.S. Environmental Protection Agency). These reports are required to be accurate. PBM engaged the services of a licensed industrial hygienist to determine the amount of asbestos to be abated from the theater, and to submit reports

- 4 -

regarding the quantity and types of asbestos which require abatement under the Clean Air Act regulations. William Morgan, the owners of PBM, and the industrial hygienist agreed that the hygienist would submit a false and misleading report, which contained materially false statements required by the Clean Air Act.

To falsely inflate the cost of the asbestos abatement, William Morgan and others agreed that PBM would submit a fraudulent change order to Oakland County, the administrator of the federal funds. In this change order, PBM falsely represented that certain work had been done when, in fact, it had not. The fraudulent change order, in the amount of $168,892, was submitted. William Morgan knowingly and willfully agreed to defraud the U.S. Department of Housing and Urban Development by a material false representation meant so that PBM could obtain money to which it was not entitled.

2. **SENTENCING GUIDELINES**

    A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **46-57** months, as set forth on the attached worksheets. If the Court finds:

    a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

    b) that the offense level should be higher because, after pleading guilty,

- 5 -

defendant made any false statement to or withheld information from his

probation officer; otherwise demonstrated a lack of acceptance of responsi-

bility for his offenses; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **46-57** months, the higher

guideline range becomes the agreed range.  However, if the Court finds that defendant is

a career offender, an armed career criminal, or a repeat and dangerous sex offender as

defined under the sentencing guidelines or other federal law, and that finding is not

already reflected in the attached worksheets, this paragraph does *not* authorize a corre-

sponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is

different than any position of that party as reflected in the attached worksheets, except as

necessary to the Court's determination regarding subsections a) and b), above.

**3.**   <u>**SENTENCE**</u>

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so

must consider the sentencing guideline range.

**A.**   <u>**Imprisonment**</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of

imprisonment in this case may not exceed the top of the sentencing guideline range as

determined by Paragraph 2B.

**B.**   <u>**Supervised Release**</u>

A term of supervised release follows a term of imprisonment. The Court **must**

impose a term of supervised release of 2 to 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment

Defendant will pay a special assessment of **$200** and must provide the government with a receipt for the payment before sentence is imposed.

### D.    Fine

The Court may impose a fine of up to $250,000.

### E.    Restitution

Restitution is not applicable in this case.

## 4.    OTHER CHARGES

If the Court accepts this agreement, the government will dismiss counts two - four in the Indictment.   In addition, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 5.    VOLUNTARY EXCLUSION

Defendant agrees to voluntarily exclude himself from involvement in procurement and non-procurement transactions as a participant, principal or contractor with HUD and throughout the Executive Branch of the Federal Government for a period of five years from the effective date of this Plea Agreement. Any breach of the terms and provisions of this  Agreement by defendant shall constitute independent grounds for imposition of administrative sanctions by HUD against defendant pursuant to 24 C.F.R. Part 24.

6.    **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.    **WAIVER OF RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8.    **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges

relate directly or indirectly to the conduct underlying the guilty plea or to any conduct

reflected in the attached worksheets, defendant waives his right to challenge the

additional charges on the ground that they were not filed in a timely manner, including

any claim that they were filed after the limitations period expired.

9.    **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency

except the United States Attorney's Office for the Eastern District of Michigan.

10.    **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the

complete agreement between the parties. This agreement supersedes all other promises,

representations, understandings and agreements between the parties concerning the

subject matter of this plea agreement that were made at any time before the guilty plea is

entered in court. Thus, no oral or written promises made by the government to defendant

or to the attorney for the defendant at any time before defendant pleads guilty are binding

except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer

agreement in writing or a cooperation agreement in writing with the government, this plea

agreement does not supersede or abrogate the terms of any such prior written agreement.

11.    **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the

United States Attorney by **5:00 P.M. on March 16, 2012**. The government reserves the

right to modify or revoke this offer at any time before defendant pleads guilty.


MARK CHUTKOW
Assistant United States Attorney
Chief, Public Corruption Unit

ROBERT CARES
Assistant United States Attorney


JENNIFER BLACKWELL          by RPC
Assistant United States Attorney

Date: 3/26/12

By signing below, defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms.  He also acknowledges that he is
satisfied with his attorney's advice and representation.  Defendant agrees that he has had
a full and complete opportunity to confer with his lawyer, and has had all of his questions
answered by his lawyer.


AMER HAKIM
*Attorney for Defendant*

WILLIAM MORGAN
*Defendant*

- 10 -

| Defendant: | William Morgan | Count: | Count I |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 371 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2X1.1 | Conspiracy (multiple object) | |
| § 2B1.1(a)(2) *(18 U.S.C. § 287)* | Fraud - base offense level | 6 |
| § 2B1.1(b)(1) | Loss | 10 |
| | | |
| | | |

Because the offense is a conspiracy to commit multiple crimes, there is a worksheet for each object of the conspiracy. U.S.S.G. § 1B1.2

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**16**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*  ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*  ☐

Rev. 8/2010

| Defendant: | William Morgan | Count: | Count I |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 371 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2Q1.3 *(42 U.S.C. § 7413(c)(2)(A)* | Falsification | 6 |
| | | |
| | | |
| | | |
| | | |

## 2.    ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**6**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*If this is the only Worksheet A, check this box and skip Worksheet B.*

☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*

☐

Rev.  8/2010

| Defendant: | William Morgan | Count: | Count I |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 371 |

## WORKSHEET B   (Multiple Counts - Count One)

**Instructions**  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE**: COUNT(S)   False Claim
   ADJUSTED OFFENSE LEVEL                 | 16 | 1 unit |

2. **GROUP TWO**: COUNT(S)   Falsification
   ADJUSTED OFFENSE LEVEL                 | 6 | 0 unit |

3. **GROUP THREE**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL                 | | unit |

4. **GROUP FOUR**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL                 | | unit |

5. **TOTAL UNITS**                        | | 0 units |

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit → no increase | 2 1/2 - 3 units → add 3 levels |
   | 1 1/2 units → add 1 level | 3 1/2 - 5 units → add 4 levels |
   | 2 units → add 2 levels | > 5 levels → add 5 levels |

7. **ADJUSTED OFFENSE LEVEL OF GROUP
   WITH THE HIGHEST OFFENSE LEVEL**        | 16 |

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

| Defendant: | William Morgan | Count: | |
|---|---|---|---|
| Docket No.: | | Statute(s): | |

# WORKSHEET A (Offense Levels - Count Five)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS   (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2C1.1 *(18 U.S.C. § 666(a)(2)* | Base offense level (bribery) | 14 |
| § 2C1.1(b)(1) | More than one bribe | 2 |
| § 2C1.1(b)(2) | More than $10,000 (see 2B1.1(b)(1)) | 4 |
| § 2C1.1(b)(4) | Elected public official | 4 |
| | | |

## 2.   ADJUSTMENTS   (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**24**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*  ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*  ☐

Rev. 8/2010

| Defendant: | William Morgan | Count: | |
|---|---|---|---|
| Docket No.: | | Statute(s): | |

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE**: COUNT(S)   __One__
   ADJUSTED OFFENSE LEVEL

   | 16 | ½ unit |

2. **GROUP TWO**: COUNT(S)   __Two__
   ADJUSTED OFFENSE LEVEL

   | 24 | 1 unit |

3. **GROUP THREE**: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

   | | unit |

4. **GROUP FOUR**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL

   | | unit |

5. **TOTAL UNITS**

   | 1 ½ units |

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
   |---|---|
   | 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
   | 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

   | +1 |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

   | 24 |

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

   | 25 |

Rev.  8/2010

| | | |
|---|---|---|
| Defendant: | William Morgan | Count: |
| Docket No.: | | Statute(s): |

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)): 3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):          2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):                                                          1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | _____ | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

Defendant:   William Morgan          Count: _____

Docket No.: _____   Statute(s): _____

(WORKSHEET C, p. 2)

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

☐

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

☐

## 4. TOTAL CRIMINAL HISTORY POINTS
Enter the sum of the criminal history points entered in Items 1-4.

☐

## 5. CRIMINAL HISTORY CATEGORY

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

☐ I

Rev. 8/2010

Defendant:   William Morgan          Count: _____

Docket No.: _____   Statute(s): _____

# WORKSHEET D   (GUIDELINE RANGE)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

| 25 |

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY   (U.S.S.G § 3E1.1)**

| 2 |

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 23 |

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

| I |

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER
CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a.   <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender
provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in
Item 3, enter the higher offense level total.

| |

    b.   <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal
provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a
criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal
history category.

| |

**6.   GUIDELINE RANGE FROM SENTENCING TABLE   (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

| 46-57
months |

**7.   STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

| months |